**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| **TERRY MANUFACTURING** | ) | **CASE NO. 03-32063-WRS** |
| **COMPANY, INC.** | ) | **CHAPTER 7** |
| Debtor | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| **TERRY UNIFORM** | ) | **CASE NO. 03-32213-WRS** |
| **COMPANY, LLC,** | ) | **CHAPTER 7** |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| **J. LESTER ALEXANDER, III,** | ) | |
| **TRUSTEE OF TERRY** | ) | |
| **MANUFACTURING COMPANY, INC.** | ) | |
| **AND TERRY UNIFORM COMPANY** | ) | |
| Cross-Appellant/Appellee, | ) | **CIVIL ACTION NO.** |
| | ) | |
| **VERSUS** | ) | **2:07-CV-0620** |
| | ) | |
| **DELONG, CALDWELL, NOVOTNY,** | ) | **AND** |
| **& BRIDGERS, L.L.C. , DELONG** | ) | |
| **CALDWELL LOGUE & WISEBRAM,** | ) | **2:07-CV-0585** |
| **DELONG & CALDWELL, L.L.C.** | ) | |
| **AND EARNEST H. DELONG, JR.,** | ) | |
| Appellants/Cross-Appellees | ) | |

**Appeal from the United States Bankruptcy Court for the Middle District of Alabama**
**Adversary Proceeding No.: 04-03135**

**BRIEF OF CROSS-APPELLANT AND APPELLEE, J. LESTER ALEXANDER, III,**
**TRUSTEE OF TERRY MANUFACTURING COMPANY, INC.**
**AND TERRY UNIFORM COMPANY, LLC**

Brent B. Barriere, T.A. (La. Bar No. 2818)
Catherine E. Lasky (La. Bar No. 28652)
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: (504) 566-1311
Facsimile: (504) 568-9130
**ATTORNEYS FOR J. LESTER**
**ALEXANDER, III, TRUSTEE**

# TABLE OF CONTENTS

Table of Authorities…………………………………………………………….……ii

Statement of Jurisdiction……………………....……………………….....………...1

Statement of Issue Presented and Applicable Standard of Review……………………….....1

Statement of the Issues...……………………………………………………..…3

Statement of the Issues on Trustee's Cross-Appeal……………………………………3

Statement of the Case....……………………………………………………...3

    1.  Course of Proceedings Below……………………………………………3

    2.  Statement of Facts…………………………………………………………..4

Summary of Argument……………………………………………………..12

    1.  The Bankruptcy Court  correctly concluded that Earnest DeLong and his firm, DeLong & Caldwell, failed to provide reasonably equivalent value in exchange for the payments they received from Terry Manufacturing…………………………….…..12

    2.  The Bankruptcy Court was not clearly erroneous in rejecting the DeLong Defendants; conduit defense as to payments allegedly given to Jerry Thomas by the DeLong Defendants…………………………………….……………………………14

    3.  The Bankruptcy Court erred in failing to find DeLong & Caldwell, L.L.C. liable for the judgment granted in favor of the Trustee……………………………………15

    4.  If DeLong & Caldwell, LLC is liable for the fraudulent transfers it received, the Bankruptcy Court erred in failing to hold Earnest H. DeLong and Michael Caldwell individually liable for the judgment against DeLong & Caldwell because DeLong & Caldwell was not a properly formed limited liability company at the time the transfers were received………………………………………………………...………..16

Conclusion…………………………………………………………………….....18

Certificate of Service……………………………………………………….....19

NO.99801009.1

## TABLE OF AUTHORITIES

### CASES

*Bonner v. Brunson*, 262 Ga. App. 521, 585 S.E.2d 917 (Ga. Ct. App. 2003) ...............................18

*Don Swann Sales Corp. v. Echols*, 160 Ga. App. 539, 287 S.E.2d 577 (Ga. App. 1981) ............17

*Flynn v. Reaves,* 135 Ga. App. 651, 218 S.E.2d 661 (Ga.App. 1975)............................................15

*In re Garfinkle,* 672 F.2d 1340 (11th Cir. 1982) .........................................................................2

*In re Grabill Corp.*, 12 B.R. 983 (Bankr. N.D. Ill. 1999)..............................................................13

*In re Greenbrook Carpet Co., Inc.,* 722 F.2d 659 (11th Cir. 1984)................................................1

*Highland Village Bank v. Bardwell,* 610 F.2d 228 (5th Cir. 1980) ................................................2

*Hobbs & Tucker v. Chicago Packing etc., Co.*, 98 Ga. 576, 25 S.E. 584 (Ga. 1896) ..................15

*In re Jeffrey Bigelow Design Group, Inc.*, 956 F.2d 479 (4th Cir. 1992) ......................................13

*In re JLJ Inc.,* 988 F.2d 1112 (11th Cir. 1993)................................................................................2

*Lionheart Legend, Inc. v. Norwest Bank Minnesota National Associate*, 560 S.E.2d 120
(Ga. Ct. App. 2002)..........................................................................................................................13

*Nordberg v. Arab Banking Corp.,* 904 F.2d 588 (11th Cir. 1990)...................................................2

*In re Rodriguez,* 895 F.2d 725 (11th Cir. 1990) ...........................................................................13

*Rogers v. Carmichael,* 184 Ga. 496, 192 S.E. 39 (Ga. 1937).......................................................15

*Varon v. Trimble, Marshall & Goldman, P.C.,* 33 B.R. 872 (Bankr. S.D.N.Y. 1983).................13

### FEDERAL STATUTES

11 U.S.C. § 548.................................................................................................................................1

28 U.S.C. § 157(b) ............................................................................................................................1

28 U.S.C. § 157(b)(2)(H)..................................................................................................................1

28 U.S.C. § 158(a) ............................................................................................................................1

## **STATE STATUTES**

Ala. Code 1975 § 8-9A-1 ................................................................................................4

Ala. Code 1975 § 8-9A-4 ................................................................................................4

Ala. Code 1975 § 8-9A-5 ................................................................................................4

Ga. Code Ann. § 14-2-204 ............................................................................................17

Ga. Code Ann. § 14-9-206.1 .........................................................................................11

Ga. Code Ann. § 14-11-203(c) ................................................................................11, 17

Ga. Code Ann. § 14-11-905 ..........................................................................................11

## **BANKRUPTCY RULES**

Rule 8013 ..........................................................................................................................2

## STATEMENT OF JURISDICTION

This is an appeal from a judgment of the United States Bankruptcy Court for the Middle District of Alabama in favor of Plaintiff, J. Lester Alexander, III, Trustee of  Terry Manufacturing Company, Inc. and Terry Uniform Company, LLC and against Earnest H. DeLong, Jr. and awarding damages to the Trustee in the amount of $476,233.67.  The Trustee's action at issue in this appeal is a "core proceeding" which seeks to "determine, avoid or recover fraudulent conveyances."  28 U.S.C. § 157(b)(2)(H).  Because this is a core proceeding, the Bankruptcy Court entered a final judgment over which this Court enjoys appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(i).

## STATEMENT OF ISSUES PRESENTED AND APPLICABLE STANDARD OF REVIEW

Plaintiff-Appellant, J. Lester Alexander, III, Trustee of Terry Manufacturing Company, Inc. and Terry Uniform Company, LLC ("Trustee") submits this brief as both Appellee and Cross-Appellant.  The Trustee appeals the May 29, 2007 judgment of the Bankruptcy Court in favor of the Trustee and against Earnest H. DeLong, Jr. only to the extent that the judgment fails to hold DeLong & Caldwell, LLC and Earnest H. DeLong, Jr. jointly and severally liable for the judgment avoiding payments totaling $476,233.67 as fraudulent transfers within the meaning of 11 U.S.C. § 548 and the Georgia Fraudulent Transfer Act.  Actions seeking to avoid fraudulent transfers are "core" matters within the meaning of 28 U.S.C. § 157(b)(2)(H).  Accordingly, the Bankruptcy Court's judgment and related decision is a final judgment within the meaning of 28 U.S.C. § 157(b).

In the Eleventh Circuit, an appellate court "must accept the bankruptcy court's findings unless they are clearly erroneous."  *See In re Greenbrook Carpet Co., Inc.*, 722 F.2d 659, 660-61

-1-

(11th Cir. 1984)(*citing In re Garfinkle*, 672 F.2d 1340 (11th Cir. 1982)).  The test "is not whether a different conclusion from the evidence would be appropriate, but whether there is sufficient evidence in the record to present clear error in the trial judge's findings."  *In re Garfinkle*, 672 F.2d 1340, 1344 (11th Cir. 1982)(*quoting Highland Village Bank v. Bardwell*, 610 F.2d 228, 230 (5th Cir. 1980).  In addition, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."  Bankruptcy Rule 8013.  See also *In re JLJ Inc.*, 988 F.2d 1112 (11th Cir. 1993).

The dispositive issue relevant to the DeLong Defendants' appeal is whether the DeLong Defendants gave reasonably equivalent value for payments they received from Terry Manufacturing.  The Eleventh Circuit has emphasized that a bankruptcy court is entitled to particular deference in its evaluation of whether a debtor received reasonably equivalent value. *Nordberg v. Arab Banking Corp.*, 904 F.2d 588, 593-94 (11th Cir. 1990) ("It has long been established that whether fair consideration has been given for a transfer is largely a question of fact, as to which considerable latitude must be allowed the trier of the facts.").

The issues raised by the Trustee's limited appeal are (1) whether the Bankruptcy Court erred in failing to hold DeLong & Caldwell, LLC liable for the transfers given the undisputed evidence that it received the majority of the payments deemed to be fraudulent transfers and issued all of the relevant billing statements; and (2) if this Court finds that DeLong & Caldwell, LLC is liable for the fraudulent transfers it received, whether the Court erred in failing to hold Earnest H. DeLong and Michael Caldwell individually liable for the judgment against DeLong & Caldwell LLC because DeLong & Caldwell LLC was not a properly formed limited liability

company under the laws of the State of Georgia during the time at issue.

## STATEMENT OF THE ISSUES

1.     Did the Bankruptcy Court commit clear error by holding that the payments made by Terry Manufacturing to Earnest DeLong and DeLong & Caldwell, LLC for legal services that solely benefited Rudolph Terry were fraudulent transfers under the Bankruptcy Code and Georgia law?

2.     Was the Bankruptcy Court clearly erroneous in holding that Earnest DeLong and DeLong & Caldwell, LLC were not conduits between Terry Manufacturing and Jerry Thomas?

## STATEMENT OF THE ISSUES ON TRUSTEE'S CROSS-APPEAL

1.     Did the Bankruptcy Court err in failing to find DeLong & Caldwell, L.L.C. and Michael Caldwell, individually, liable for the judgment granted in favor of the Trustee and against Earnest H. DeLong, Jr., individually?

2.     If this Court finds DeLong & Caldwell LLC liable for the fraudulent transfers it received, did the Bankruptcy Court err in failing to hold Earnest H. DeLong and Michael Caldwell individually liable for the judgment against DeLong & Caldwell LLC because DeLong & Caldwell LLC was not a properly formed limited liability company under the laws of the State of Georgia at the time the fraudulent transfers were received?

## STATEMENT OF THE CASE

**1.     Course of Proceedings Below.**

Plaintiff, J. Lester Alexander, III, is the Trustee of Terry Manufacturing Company, Inc. and Terry Uniform, LLC.  The Trustee brought suit against Defendants against Earnest H. DeLong, Jr.; DeLong, Caldwell, Novotny & Bridgers, LLC; DeLong, Caldwell, Logue and

-3-

Wisebram, LLC and DeLong & Caldwell, LLC (collectively the "DeLong Defendants") seeking to recover $476,233.67 paid to them by Terry Manufacturing on the theory that those payments constituted avoidable fraudulent conveyances recoverable under the Alabama Fraudulent Transfer Act, Alabama Code 1975 §§ 8-9A-1, *et seq.* including, in particular, Alabama Code 1975 § 8-9A-4(a) and (c) and Alabama Code 1975 § 8-9A-5(a)  as well as the Georgia Fraudulent Transfer Act (Georgia Code, Title 18, Chapter 2, Article 4).  The Trustee also sought damages arising out of the legal malpractice committed by the DeLong Defendants and their breach of the legal duties owed to Terry Manufacturing by simultaneous representation of Terry Manufacturing and Rudolph Terry when their interests were in direct conflict; a conflict which could not be, and, in fact was not effectively waived.  Because the legal malpractice claims were not core proceedings, the Bankruptcy Court entered proposed findings of fact and conclusions of law which are currently pending before this Court.  Only the Trustee's fraudulent transfer claims are at issue in this appeal.

Following extensive discovery, a four and a half day trial was conducted before the Bankruptcy Court on January 29 through February 2, 2007.  At the Court's request, the parties submitted proposed findings of fact and conclusions of law, and on May 29, 2007 the Court entered judgment in favor of the Trustee and against the Defendants in the amount of $476,233.67.  At the same time, the Court entered a twenty-four page Memorandum Decision ("Memorandum Decision").

**2.    Statement of Facts.**

Prior to July 2003, Terry Manufacturing Company, Inc. ("Terry Manufacturing") manufactured industrial uniforms and other apparel.  In late June 2003, Terry Manufacturing's

NO.99801009.1

principal lender determined that the company had substantially overstated its accounts receivable and inventory. When the lender sought to obtain a state court receiver, the company filed for relief under Chapter 11 of the Bankruptcy Code. Based on evidence that there had been significant misstatements in financial records, the Bankruptcy Court appointed Mr. Alexander as Chapter 11 Trustee. He ultimately determined that Terry Manufacturing was hopelessly insolvent and could not be reorganized as an operating entity. The case was converted to a straight liquidation under Chapter 7 of Bankruptcy Code in May, 2004. Mr. Alexander was also appointed Chapter 7 Trustee.

This proceeding arose as a result of payments made by Terry Manufacturing in satisfaction of statements purportedly representing legal services rendered to Terry Manufacturing and Rudolph Terry in litigation styled *Commercial Factors of Atlanta, Inc. v. Terry Manufacturing Company, Inc., Floodgates, Ltd. and John L. Pouncey*, 99-A-10650-5 in the Superior Court of Gwinnett County, State of Georgia (the "Commercial Factors Litigation").

The Commercial Factors Litigation arose out of a factoring fraud scheme perpetrated on plaintiff, Commercial Factors, by Jon Pouncey and Rudolph Terry. In essence, Pouncey's company, Floodgates, Ltd., generated invoices purporting to represent sales of t-shirts and other apparel to Terry Manufacturing and for delivery at its Atlanta facility. Rudolph Terry executed bills of lading, acceptances and acknowledgements of delivery for this product. Pouncey then sold these invoices at a discount to Commercial Factors. In fact, the invoices generated by Pouncey and the documentation generated by Rudolph Terry were bogus as no product was actually transferred by Floodgates to Terry Manufacturing.

Typical of the factoring fraud is the September, 1999 transaction which resulted in Rudolph Terry's conviction for mail fraud. Floodgates issued multiple invoices to Terry Manufacturing representing sales of $2,294,195.00 of product. Rudolph Terry executed an acknowledgement of delivery of the product which stated in relevant part "(t)he above signed acknowledges receipt and acceptance of the goods reflected in the invoices attached. I am aware that Commercial Factors of Atlanta is relying on my verification to advance Floodgates, Ltd. …" The invoices were then factored to Commercial Factors for 80% of the face amount. In fact, Floodgates had not delivered any product to Terry Manufacturing and Rudolph Terry's acknowledgement was false. *See* Trial Exhibit 71. According to the Bankruptcy Court, "Rudolph Terry signed a certification for Commercial Factors, verifying receipt of the invoiced tee shirts, knowing that in reality no such tee shirts had been delivered. Rudolph Terry knew that his certification was false, and he knew that Commercial Factors was advancing money to Floodgates in reliance upon the legitimacy of the invoices." *See* Memorandum Decision at 5.

An analysis generated by an expert engaged by the DeLong Defendants and reviewed by Rudolph Terry, determined Commercial Factors advanced $11,161,355.00 on the bogus invoices. Terry Manufacturing in turn paid to Commercial Factors and/or Pouncey and Floodgates $10,560,766.00. *See* Trial Exhibit 74.

The fundamental flaw in the factoring scheme was that Commercial Factors advanced approximately 80% of the face amount of the invoices but Terry Manufacturing was required to pay 100%. As a result of this deficiency, by the fourth quarter of 1999, Terry Manufacturing was seriously delinquent in amounts owed to Commercial Factors. Pouncey and Floodgates were also liable for this amount pursuant to guaranties given in favor of Commercial Factors.

-6-

At the time it filed its initial complaint, Commercial Factors was not aware of the factoring fraud scheme, and its initial complaint outlined a garden variety collection claim. Terry Manufacturing, Pouncey and Floodgates were named as defendants. *See* Trial Exhibit 31.

Earnest DeLong was contacted concerning representation of Terry Manufacturing and its officers, directors and shareholders. In early January, 2000, DeLong & Caldwell, LLC issued an engagement letter to Rudolph Terry which referenced the Commercial Factors Litigation and provided in relevant part:

> This letter is intended to memorialize the understanding we have reached. Jerry Thomas and I [Earnest DeLong] have been engaged to represent the interests of Terry Manufacturing Company, Inc., its officers, directors and shareholders in the defense of the above-referenced matter.

*See* Trial Exhibit 10. DeLong & Caldwell were initially engaged in January, 2000, and continued to represent Terry Manufacturing in the Commercial Factors Litigation through the time of its Chapter 11 filing on July 7, 2003.

In correspondence written on DeLong & Caldwell letterhead to counsel for Commercial Factors in the first quarter of 2000 and in pleadings filed in the Commercial Factors Litigation and signed by Earnest DeLong on behalf of DeLong & Caldwell LLC, DeLong repeatedly admitted that Terry Manufacturing was indebted to Commercial Factors in an amount in excess of $2,000,000, and that Terry Manufacturing was prepared to pay that amount but it required a payment schedule. *See* Trial Exhibits 32 (Answer and Counterclaim of Defendant Terry Manufacturing Company, Inc.), 33 (February 9, 2000 Correspondence from Mr. DeLong to Matthew Coles, counsel for Commercial Factors about $2,130,628.91 consent judgment), 34 (April 21, 2000 Correspondence from Mr. DeLong to Matthew Coles re: payment schedule for

-7-

consent judgment) and 35 (Second Amendment to Answer of Defendant Terry Manufacturing Company). *See also* Memorandum Decision at 5-6.

As the Bankruptcy Court recognized, "[i]t is significant in that Terry Manufacturing filed a pleading in court to the effect that it owed $2.1 million, when in fact it had never received the first tee shirt, and for that reason owed nothing. As Terry Manufacturing in fact owed nothing on the invoices, the defense of the civil action should have been a relatively straightforward matter." *See* Memorandum Decision at 5-6. The defense of Rudolph Terry, however, was not as straightforward in light of his fraudulent and criminal conduct. Unfortunately for Terry Manufacturing, the DeLong Defendants undertook a costly defense strategy of "stonewalling and obfuscation" that sought to protect Rudolph Terry at the expense of Terry Manufacturing. *See* Memorandum Decision at 7.

In May of 2000, counsel for Commercial Factors gave notice that Commercial Factors intended to add Rudolph Terry as an additional defendant. *See* Trial Exhibits 49 and 57. Mr. Terry ultimately was added as an additional defendant, and the DeLong Defendants appeared as his counsel. *See* Trial Exhibit 59.

Rudolph Terry was deposed in the Spring of 2000. At that time, he repeatedly testified that Terry Manufacturing had acquired product from Floodgates and then re-sold that product to multiple clients, none of whom he could identify. That testimony was false. *See* Trial Exhibits 44(a) and 45. The deposition continued in October, 2000. At that time, Mr. Terry claimed that the dealings with Pouncey and Floodgates were "something I did personally. And so it had nothing to do with the company." *See* Trial Exhibit 47 at 466:15-21. Mr. Terry also

-8-

acknowledged that the transactions with Pouncey and Floodgates, although Mr. Terry's personal

business, were done with Terry Manufacturing's money.

> Q.     Now, you realize now, on October 31 of 2000, that these
> hundreds of thousands of dollars that you were advancing and
> loaning to Pouncey and Floodgates, that you were, in effect, using
> Terry Manufacturing's money, not Rudolph Terry's money.  You
> just realized that; is that correct?

> A.     I never really thought of it in that respect.  But, yeah, I was
> loaning Jon Pouncey Terry Manufacturing dollars…"

*Id*. at 486:7-15.

Mr. Terry also testified that "the reality is that if there is some amount that should be

owed, I probably owe it rather than Terry Manufacturing Company."  *Id*. at 423:6-9.[1]

Accordingly, as of October, 2000, the DeLong Defendants were representing both Terry

Manufacturing and Rudolph Terry despite the fact that (i) at Rudolph's insistence, he attempted

to compel a settlement by which Terry Manufacturing would pay more than $2,000,000.00 for

product it never received; (ii) Rudolph Terry had engaged in conduct which would lead to his

criminal conviction and which by his own admission was his "personal business;" and (iii)

Rudolph Terry apparently committed perjury.

When efforts to compel a settlement failed, the approach in the litigation changed

dramatically.  No longer would Terry Manufacturing admit that it owed the funds.  Instead, the

story became that Rudolph Terry had agreed to pay millions of dollars to Commercial Factors

because of concerns that Commercial Factors was controlled by members of the Mafia and that

---

[1]     Trial Exhibit 47 also reflects that a few weeks prior to the October deposition that Mr. DeLong represented
to the Court that the alleged transactions between Terry Manufacturing and Floodgates were a "sham" and that
everyone knew from the beginning that no shirts were provided.  *See* Trial Exhibit 47 at p. 409-410 and
Memorandum Decision at 6-8.

Rudolph Terry's safety and that of his family would be at risk if he did not arrange for millions of dollars in cash payments. *See* Trial Exhibit 92. Even Mr. DeLong himself had doubts about the credibility of this defense. *See* Trial Exhibit 89.

Rudolph Terry was not entitled to indemnity, nor payment of his attorney's fees under Terry Manufacturing's By-Laws or Articles of Incorporation. Trial Exhibits 15 and 16. None of the DeLong Defendants ever consulted with Terry Manufacturing concerning its indemnity obligations. Trial Transcript at 231:13-232:1.

Rudolph Terry and John Pouncey were indicted in January of 2003 and both pled guilty to mail fraud. *See* Trial Exhibits 72 and 76. Following Mr. Terry's indictment, the DeLong Defendants first raised the defense that, if Mr. Terry had acted as alleged by Commercial Factors, that conduct did not benefit Terry Manufacturing, violated company policy and was outside the scope of his employment. *See* Trial Exhibits 67 through 69. Plainly, these defenses could have been raised when Rudolph Terry was originally named as a defendant, but the DeLong Defendants were precluded from doing so because of the dual representation.

According to the Bankruptcy Court, "DeLong ignore[d] the fact that the defenses of Terry Manufacturing and Rudolph Terry were antagonistic. Terry Manufacturing's defense- no tee shirts- necessarily implies Rudolph Terry's fraud, as he had falsely certified the existence of the non-existent tee shirts. Rather than defending Terry Manufacturing, DeLong placed Terry Manufacturing squarely between Commercial Factors and Rudolph Terry. That is, DeLong was defending Rudolph Terry at the expense of Terry Manufacturing." *See* Memorandum Decision at 16.

NO.99801009.1

All of the $476,233.67 in fees paid to the DeLong Defendants were paid by Terry Manufacturing. *See* Trial Exhibit 12 *in globo*. Thirty of the thirty seven checks issued to the DeLong Defendants by Terry Manufacturing were issued to DeLong & Caldwell. *Id*. All statements paid by Terry Manufacturing were issued by DeLong & Caldwell, LLC. *See* Trial Exhibit 13 *in globo* and Memorandum Decision at 8.

Earnest DeLong and DeLong & Caldwell LLC represented Terry Manufacturing and Rudolph Terry in the Commercial Factors litigation. The DeLong Defendants conducted the defense of the Commercial Factors Litigation in a manner which was either adverse or indifferent to the interests of Terry Manufacturing. While Terry Manufacturing paid all statements, Rudolph Terry was the real client -- virtually all communications were with him and the defense strategy focused on protecting his individual interests. There is no evidence that DeLong Defendants ever delivered any correspondence or other written materials to Terry Manufacturing's headquarters in Roanoke.

Earnest DeLong was or is a member of DeLong, Caldwell, Novotny & Bridgers, LLC; DeLong, Caldwell, Logue & Wisebram and DeLong & Caldwell, LLC. Under Georgia law, successor entities are liable for the debts of the predecessor entities. *See, e.g.*, Ga. Code Ann. §§ 14-9-206.1 and 14-11-905. Also, DeLong & Caldwell LLC was not registered as an limited liability company in Georgia until January 28, 2007, two days before the trial in this matter and after the Trustee raised the issue of DeLong & Caldwell's non-existence in his pretrial filings. *See* Trial Exhibits 1 and 142 and Bankruptcy Court Case No. 04-03135, Docket Nos. 184, 185 and 191. At all times relevant to this litigation, DeLong & Caldwell LLC was not a properly formed limited liability company. *See* Ga. Code Ann. § 14-11-203(c).

-11-

## SUMMARY OF ARGUMENT

The Bankruptcy Court correctly concluded that the DeLong Defendants did not provide any value, much less "reasonably equivalent" value "in exchange" for the challenged transfers. Rudolph Terry, not Terry Manufacturing, benefited from the legal representation provided by the DeLong Defendants. Further, the Bankruptcy Court correctly rejected the DeLong Defendants' "conduit" defense because it was well-established at trial that Mr. DeLong had substantial control over the monies paid to him by Terry Manufacturing. In addition, despite repeated requests, the DeLong Defendants failed to provide evidence of **any** payments at all to Jerry Thomas. As discussed *infra*, the DeLong Defendants' appeal is without merit and should be denied.

However, the Trustee submits that the Bankruptcy Court erred in failing to hold DeLong & Caldwell and Michael Caldwell, individually, liable for the judgment granted in favor of the Trustee. During the time of the challenged transfers, DeLong & Caldwell was not a properly formed limited liability company. Therefore, its members, Earnest DeLong and Michael Caldwell, are not entitled to the protections of the limited liability corporate form and should be held individually liable for the judgment in favor of the Trustee.

1.    **The Bankruptcy Court correctly concluded that Earnest DeLong and his firm, DeLong & Caldwell, failed to provide reasonably equivalent value in exchange for the payments they received from Terry Manufacturing.**

What constitutes reasonably equivalent value (or "valuable consideration" in the old Georgia law on fraudulent conveyances) is not defined in either the Georgia Act or the Bankruptcy Code. The courts have recognized that by using the term "reasonably equivalent" neither statute requires that the exchange be dollar for dollar; rather, the debtor must receive "full

-12-

and adequate consideration" for what it surrendered to the transferee. *See generally, Varon v. Trimble, Marshall & Goldman, P.C.*, 33 B.R. 872, 885 (Bankr. S.D.N.Y. 1983). *See also Lionheart Legend, Inc. v. Norwest Bank Minnesota National Assoc.*, 560 S.E.2d 120 (Ga. Ct. App. 2002)(definition of "valuable consideration" under old Georgia law). The question is not the value of what the debtor received *per se*, but how that value compares to what the debtor surrendered. Thus, the reasonably equivalent analysis requires a comparison of the value of what went out with the value of what was received. *In re Grabill Corp.*, 12 B.R. 983, 994 (Bankr. N.D. Ill. 1999). The ultimate question is whether the transfer has materially affected the debtor's ability to satisfy his creditors' claims. As the Fourth Circuit recognized in *In re Jeffrey Bigelow Design Group, Inc.*:

> The proper focus is on the net effect of the transfer of the debtor's estate, the funds available to the unsecured creditors. As long as the unsecured creditors are no worse off because of the debtor, and consequentially the estate, has received an amount reasonably equivalent to what it paid, no fraudulent transfer has occurred.

956 F.2d 479, 484 (4th Cir. 1992). *See also, In re Rodriguez*, 895 F.2d 725, 727 (11th Cir. 1990).

The focus of the DeLong Defendants' brief is that the Bankruptcy Court erred in failing to recognize the value their legal services provided Terry Manufacturing. However, this is precisely the same defense asserted by the DeLong Defendants at trial which was properly rejected by the Bankruptcy Court after more than four days of testimony and hundreds of exhibits. As the Bankruptcy Court recognized, payors of legal services do not *per se* receive benefit from those services. In the instant case, Terry Manufacturing received no benefit from the monies it paid to the DeLong Defendants. "Terry Manufacturing paid DeLong nearly half a million dollars to effectively eviscerate its litigation position." *See* Memorandum Decision at 18.

-13-

The Bankruptcy Court specifically rejected the DeLong Defendants' contention that

> he vigorously litigated the Commercial Factors case and that he used a high degree of skill. The problem is that virtually all of DeLong's efforts were directed at protecting Rudolph Terry from criminal prosecution, often to the detriment of Terry Manufacturing…Rather than aggressively work to prove that Terry Manufacturing had received no tee shirts, which would have gotten Terry Manufacturing off the hook, DeLong undertook an extraordinarily time consuming effort to keep evidence which would have proved this fact from Commercial Factors. Having heard many hours of testimony and having considered voluminous documents concerning the Commercial Factors litigation, the Court finds that this was done not to benefit Terry Manufacturing…Indeed, these efforts were highly prejudicial to Terry Manufacturing.

Memorandum Decision at 15-16.

The Bankruptcy Court heard more than four days of testimony- including nearly a day by Mr. DeLong- and reviewed dozens of exhibits. Based on that extensive evidence, it properly concluded that Terry Manufacturing received not benefit for its near $500,000.00 of payments. At a bare minimum, that well founded factual conclusion is not clearly erroneous and should not be disturbed.

2.    **The Bankruptcy Court was not clearly erroneous in rejecting the DeLong Defendants' conduit defense as to payments allegedly given to Jerry Thomas by the DeLong Defendants.**

DeLong contends that the Bankruptcy Court erred in failing to recognize that the DeLong Defendants were "mere conduits" of certain funds from Terry Manufacturing to Jerry Thomas, who was hired by DeLong as co-counsel. This argument must be rejected. First, the Court's determination regarding the conduit defense generally and specifically whether DeLong had substantial control over the funds given to him by Terry Manufacturing is a factual determination that is entitled to deference by a reviewing court. *See* Memorandum Decision at 21 ("The Court

heard lengthy testimony from both DeLong and Rudolph Terry.  It was well established at trial that DeLong had substantial control and cannot be said to have been so controlled by Rudolph Terry so as to be a mere conduit between Terry Manufacturing and Jerry Thomas.").

Most obviously fatal to DeLong's conduit defense is that despite repeated discovery requests and specific demands at trial, DeLong failed to provide **any** evidence of payments actually made to Jerry Thomas.  *See* Trial Exhibits 14 and 15(a) and Trial Transcript at 614:6-618:3.  DeLong could not produce checks, bank statements, wire receipts or any other evidence of a single payment to Jerry Thomas.  Because DeLong failed to produce any evidence supporting his conduit defense and because DeLong failed to show that the Bankruptcy Court's determination that was clearly erroneous, the Court's decision should be affirmed.

3.     **The Bankruptcy Court erred in failing to hold DeLong & Caldwell, L.L.C. liable for the judgment entered in favor of the Trustee.**

The Bankruptcy Court held that only Earnest DeLong, individually, was responsible for payment to the Trustee for the avoided payments made by Terry Manufacturing to Mr. DeLong and his various law firms.  However, at the time the payments were made by Terry Manufacturing, Earnest DeLong was not a solo practitioner, but instead was a member of the law firm of DeLong & Caldwell, LLC.  Under Georgia law, "[t]he law of partnership is the law of agency:  'Each partner being the agent of the firm, the firm is liable for his torts committed within the scope of his agency, on the principle of respondeat superior, in the same way that a master is responsible for his servant's torts, and for the same reason (that) the firm is liable for the torts of its agents or servants.'"  *Flynn v. Reaves*, 135 Ga.App. 651, 652-53, 218 S.E.2d 661 (Ga.App. 1975)(quoting *Hobbs & Tucker v. Chicago Packing etc., Co.*, 98 Ga. 576, 581, 25 S.E. 584, 587 (Ga. 1896); *Rogers v. Carmichael*, 184 Ga. 496, 192 S.E. 39 (Ga. 1937)).

-15-

The evidence of DeLong & Caldwell's liability as the entity engaged by Terry Manufacturing and under the theory of *respondeat superior* is compelling. The engagement letter was sent to Terry Manufacturing on DeLong & Caldwell letterhead. *See* Trial Exhibit 10. DeLong & Caldwell issued all of the billing statements to Terry Manufacturing. *See* Trial Exhibit 13. The vast majority of the payments from Terry Manufacturing were made payable to DeLong & Caldwell. *See* Trial Exhibit 12. Mr. DeLong routinely sent correspondence written on DeLong & Caldwell letterhead to counsel for Commercial Factors and signed all pleadings on behalf of DeLong & Caldwell LLC or its successor firms. *See e.g.*, Trial Exhibits 32, 33, 34 and 35. Further, Mr. DeLong's malpractice insurance was provided through a policy issued to DeLong & Caldwell and its successor entities.

By failing to hold DeLong & Caldwell liable for the payments it received from Terry Manufacturing, the Bankruptcy Court effectively exonerated the law firms engaged by the client and with whom the individual attorneys are affiliated. The injured client, like Terry Manufacturing, is then forced to look to the individual practitioner who, like Mr. DeLong, may not have insurance or sufficient resources to satisfy a judgment. This is contrary to public policy and Georgia agency law

**4.      If DeLong & Caldwell, LLC is liable for the fraudulent transfers it received, the Bankruptcy Court erred in failing to hold Earnest H. DeLong and Michael Caldwell individually liable for the judgment against DeLong & Caldwell because DeLong & Caldwell was not a properly formed limited liability company at the time the transfers were received.**

As discussed *infra*, DeLong & Caldwell, the entity which issued the engagement letter, all of the bills to Terry Manufacturing and received the vast majority of the payments, was not a properly formed limited liability company during the time at issue in this litigation. In fact, as

NO.99801009.1

the Bankruptcy Court correctly recognized, DeLong & Caldwell "did not exist until" January 28, 2007, "two days before trial" in this matter and after the Trustee raised the issue in his pretrial filings. *See* Memorandum Opinion at 8-9. *See also* Bankruptcy Court Case No. 04-03135, Docket Nos. 184, 185 and 191. However, the Bankruptcy Court then held that only Earnest DeLong was liable for the fraudulent transfers. *Id.* at 9. The Trustee respectfully submits that this conclusion is contrary to settled Georgia corporate law. A Georgia limited liability company is properly formed "when the articles of organization become effective pursuant to Code Section 14-11-206" which is when they are filed by the Georgia Secretary of State. Ga. Code Ann. § 14-11-203(c). Furthermore, "the Secretary of State's filing of the articles of organization is conclusive proof that the organizers satisfied all conditions precedent to formation, except in a proceeding by the state to cancel or revoke the formation." Failure to file the Articles of Organization of DeLong & Caldwell or the proper name change forms means that DeLong & Caldwell LLC was not properly formed so its principals are not entitled to the protections of a limited liability company. Instead, Messrs. DeLong & Caldwell, the sole members of DeLong & Caldwell, are jointly and severally liable for the judgment to the Trustee. Ga. Code Ann. § 14-2-204 ("All persons purporting to act as or on behalf of a corporation, knowing there was no incorporation under this chapter, are jointly and severally liable for all liabilities created while so acting.").

That Mr. DeLong and Mr. Caldwell each thought that the other had properly formed DeLong & Caldwell as a limited liability company is not a defense to their joint and several individual liability. Trial Transcript at 540:19-23. *See Don Swann Sales Corp. v. Echols*, 160 Ga.App. 539, 287 S.E.2d 577 (Ga. App. 1981)(holding that principals of corporation that was not

properly formed and registered with Secretary of State were individually liable even though "the parties *thought* the corporation had been registered with the Secretary of State.…This is not a case where the corporation purportedly existed under "color of law," but rather where no corporation existed at all.")(emphasis in original). *See also Bonner v. Brunson*, 262 Ga.App. 521, 585 S.E.2d 917 (Ga. Ct. App. 2003)(holding that limited liability company form must be maintained and respected in order to benefit from the protections of that corporate form). Consequently, if this Court finds that the Bankruptcy Court erred in failing to hold DeLong & Caldwell, LLC liable for the payments it received from Terry Manufacturing, it should extend that liability to Messrs. DeLong and Caldwell individually pursuant to Georgia corporate law.

## <u>CONCLUSION</u>

For the foregoing reasons, the Trustee respectfully submits that the Bankruptcy Court's judgment and memorandum decision should be affirmed as to its conclusions that the payments received from Terry Manufacturing were fraudulent transfers and that Earnest DeLong was not a conduit.  The Trustee respectfully submits that the Bankruptcy Court's judgment should be reversed to hold DeLong & Caldwell, LLC and consequently Michael Caldwell and Earnest H. DeLong, Jr. jointly and severally liable for the damages awarded by the Bankruptcy Court to the Trustee.

-18-

Respectfully submitted,

**PHELPS DUNBAR LLP**

By:     /s/  Brent B. Barriere
        Brent B. Barriere, T.A.  (La. Bar No. 2818)
        Catherine E. Lasky (La. Bar No. 28652)
        365 Canal Street, Suite 2000
        New Orleans, LA 70130
        Telephone:  (504) 566-1311
        Facsimile:  (504) 568-9130

        **ATTORNEYS FOR J. LESTER ALEXANDER, III, TRUSTEE FOR TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC**

## CERTIFICATE OF SERVICE

        I hereby certify that I have on this 19th day of December, 2007, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification and have served a copy of the foregoing by United States Mail, properly addressed, postage pre-paid to the following persons:

Mr. Earnest H. DeLong, Jr.
Mr. Charles Bridgers
DeLong, Caldwell, Novotny & Bridgers LLC
Centennial Tower, Suite 3100
101 Marietta Street N.W.
Atlanta, GA 30303

                                       /s/  Catherine E. Lasky

-19-