IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| J. LESTER ALEXANDER, III )<br>*Trustee for Terry Manufacturing Co.,* )<br>*and Terry Uniform Co., LLC*, )<br> )<br>         Plaintiff, )<br> )<br>     v. )<br> )<br>DELONG, CALDWELL, NOVOTNY, )<br>& BRIDGERS, L.L.C., *et al.*, )<br> )<br>         Defendants. ) | CASE NO. 2:07-CV-585-WKW [WO] |

**MEMORANDUM OPINION AND ORDER**

On May 29, 2007,[1] Bankruptcy Judge William R. Sawyer submitted proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 157(c)(1).[2] (Findings (Doc. # 1-3).) Plaintiff J. Lester Alexander III ("Trustee") objects to the findings and conclusions. (Objection (Doc. # 1-4).) Defendants have responded to the objection. (Resp. (Doc. # 1-9).) "[T]hose matters to which any party has timely and specifically objected" are reviewed *de novo*. § 157(c)(1).

The findings and conclusions address Count I of a four-count complaint the Trustee filed against Defendants in an adversary proceeding in Bankruptcy Court (Adv. Pro. No. 04-3135). (Findings 1.) Count 1 alleges attorney malpractice, a non-core issue. (Findings 1.)

---

[1] The Bankruptcy Clerk transmitted the case to the district court on June 26, 2007.

[2] Under 28 U.S.C. § 157(c)(1), a bankruptcy judge may hear a non-core proceeding otherwise related to a case under Title 11. The bankruptcy judge submits proposed findings of fact and conclusions of law to the district court, which submits the final order or judgment. *Id.*

The other counts were part of a core proceeding.  The Bankruptcy Court entered judgment in favor of the Trustee on Count Two (fraudulent transfer), and dismissed Count Three (fraudulent conveyance) and Count Four (voidable preferences) with prejudice. (Findings 1.)  After the filing of the Bankruptcy Court's findings and conclusions in the non-core proceeding, however, this court reversed the Bankruptcy Court's ruling in the core proceeding ("Core Proceeding Opinion"), and judgment was entered in favor of Defendants. (Core Proceeding Op., 07cv620, Sept. 30, 2008 (Doc. # 27).)

The Trustee's adversary proceeding sought the recovery of monies Terry Manufacturing Co. paid Defendant Earnest H. DeLong, Jr. ("DeLong") for legal services he provided in state court litigation in Georgia.  (Objection ¶ 2.)  The Trustee pursued this recovery under two theories: (1) as an avoidance action under federal and state-law fraudulent transfer statutes; and (2) as a legal malpractice action under Georgia law for DeLong's simultaneous representation of Terry Manufacturing Co. and one of its shareholders, Rudolph Terry, because their interests were in direct conflict, and the former's interests were sacrificed for the latter's.[3]  (Objection ¶ 3.)  The Bankruptcy Court concluded that the malpractice claim should be dismissed with prejudice. (Findings 4.) The Bankrutpcy Court found an actual conflict of interest with respect to the simultaneous representation, but found that the conflict had been waived by the parties.  (Findings 3.)  On the basis that the malpractice claim was "predicated solely on the theory that DeLong breached an ethical

---

[3] See the Core Proceeding Opinion, at pages 2-7, for details on the underlying representation.

duty," the Bankruptcy Court concluded that the malpractice claim necessarily must fail. (Findings 3.)

The Trustee does not object to the findings of fact – that there was a waived conflict of interest (Objection ¶ 1) – but to three subsections of the Bankruptcy Court's conclusions of law.  The portions of the legal conclusions the Trustee opposes are: (1) that the Georgia Code of Professional Responsibility plays no role in the basis of a malpractice claim, which requires a failure to exercise ordinary care, skill and diligence (Findings 3); (2) that the malpractice claim was solely predicated on a breach of an ethical duty (Findings 3); and (3) that the oral waiver "insulated" Defendants from breaches of a duty of care and a duty of loyalty (an implied legal conclusion).  (Objection ¶ 6.)  The Trustee argues that instead: (1) Defendants failed to exercise ordinary care, skill and diligence, and that failure was not absolved by the waiver; (2) it was impossible for DeLong to comply with his duty of loyalty to both clients despite the waiver; and (3) the failure to exercise ordinary care, skill and diligence proximately caused damages, namely, Terry Manufacturing Co.'s litigation costs. (Objection ¶¶ 7, 10, 19, 23, 33.)

The Trustee's arguments primarily rely, however, upon the Bankruptcy Court's rulings in the core proceeding,[4] which since have been reversed.  The Core Proceeding Opinion not

---

[4] (*See, e.g.*, Objection ¶ 10 ("The Bankruptcy Court erred in concluding that the Trustee did not establish the Defendants' failure to exercise 'ordinary care, skill and diligence.'  The Memorandum Decision [of the Bankruptcy Court] is replete with findings related to the failure of the Defendants to 'exercise ordinary care, skill and diligence' in their representation of Terry Manufacturing.  Those findings include [several findings and quotations from that opinion]."); Objection ¶ 19 ("The findings of fact in the Bankruptcy Court's Memorandum Opinion clearly establish that Defendants' breach of their duty of loyalty to Terry Manufacturing.").)

only found the Bankruptcy Court's conclusions faulty as a matter of law, but also did so on the basis that those conclusions rested on clearly erroneous findings of fact. (Core Proceeding Op. 10.) The Core Proceeding Opinion rehearses the facts as this court finds them, and the facts do not support the Trustee's claims that DeLong breached his duty of loyalty to Terry Manufacturing Co. or failed to exercise ordinary care, skill and diligence.[5] Therefore, this court agrees with the Bankruptcy Court that the malpractice count should be dismissed with prejudice.

Accordingly, it is ORDERED that Count I of the Second Amended and Restated Complaint in Adversary Proceeding 04-3135-WRS (Doc. # 161) is DISMISSED with prejudice.

An appropriate judgment will be entered.

DONE this 17th day of March, 2009.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[5] Because the Bankruptcy Court's proposed findings of fact and conclusions of law have been compromised by the intervening Core Proceeding Opinion, this court agrees with the Bankruptcy Court but based upon the facts and conclusions discussed in that opinion.